## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

John Corbell

v.

Thomas Adams

December 20, 1993

Case No. (Law) CL92-2897

BY JUDGE EDWARD W. HANSON, JR.

This matter is before the court to determine whether an agreement between the parties to settle the case is valid and thereby serves as a bar to the enforcement of the original claim. Counsel for both parties have submitted memoranda in support of their respective positions.

The first issue this court must determine is whether the agreement reached between the parties constitutes an accord and satisfaction arrangement or is a compromise and settlement. The Virginia Supreme Court has ruled that, "It is unnecessary to dwell here on any narrow distinction which may exist between a "compromise" or "settlement" on one hand and "accord and satisfaction" on the other. The issue is always ultimately resolved by a 'determination of the intention of the parties, as objectively manifested'." *Montagna v. Holiday Inns*, 221 Va. 336, 346 (1980). Compromise and settlement agreements apply only to unliquidated and disputed claims, whereas, accord and satisfaction is properly used when an obligation is already owed between the parties, that is, a liquidated or undisputed claim.

In the case at hand, the underlying claim is disputed and unliquidated. The parties negotiated the agreement on April 14, 1993. As plaintiff's counsel indicates in his letter, even though his client was reluctant to accept the terms of the agreement, he nevertheless did accept them. (Letter of May 13, 1993.) Further, throughout his correspondence, Plaintiff's

counsel refers to the agreement as a "settlement." Therefore, it is this court's opinion that the agreement is properly considered a compromise and settlement.

"The essential elements of a valid contract must exist to support a binding compromise settlement; there must be a complete agreement which requires acceptance of an offer, as well as valuable consideration." *Montagna* at 346 (citing *Bangor-Punta Operations, Inc. v. Atlantic Leasing, Ltd.*, 215 Va. 180 (1974)). In this case, there was a valid offer and acceptance of the terms of the agreement. Therefore, it must be determined whether the agreement was properly performed.

"Although a party's unsubstantial failure to perform a compromise may be the basis of an action for damages, mere delay in performance is not a substantial breach, justifying rescission, unless the delay is such as to warrant the conclusion that the party does not intend to perform." 15A Am. Jur. 2d, *Compromise and Settlement*, § 5 (1976). In Virginia, "when a contract is silent as to the time which an act is to be performed, the law imposes a reasonable time, and what constitutes a reasonable time is generally an issue to be decided by [the trier of fact], under all the circumstances of the case." *Grossman v. Saunders*, 237 Va. 113, 120-121 (1989) (citing *Duke v. Norfolk & W. R. Co.*, 106 Va. 152, 155 (1906)).

There is no evidence that "time was of the essence" in performance of the agreement as Plaintiff alleges. Therefore, the issue becomes whether the tendered payment was made within a reasonable time. If counsel agree that payment was tendered within a reasonable time, the Court will endorse an Order dismissing the matter upon a compromise agreement having been reached. If counsel cannot agree, the matter may be scheduled before me for a factual determination as to the issue.